IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30438
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY RANDOLPH,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CR-20069
- - - - - - - - - -
May 27, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Harry Randolph appeals his conviction and sentence for conspiracy to possess with the intent to distribute cocaine base and for interstate travel in aid of an illegal activity. Randolph raises the following issues:  the evidence was insufficient to convict him of the conspiracy charge; he was improperly joined under Fed. R. Crim. P. 8(b); the district court erred by failing to sever his trial from the trial of his codefendants; the district court erred by failing to grant a

_____

   [*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

mistrial due to the prejudice from the evidence against the codefendants and unrelated to Randolph; the Double Jeopardy Clause was violated by the federal prosecution subsequent to the state prosecution and conviction; and the 1:100 sentencing disparity for cocaine base, as opposed to cocaine powder, violates due process and equal protection of the laws.

We have carefully reviewed the record and the arguments. We conclude that the evidence was sufficient to conviction Randolph of the conspiracy charge. Randolph, by his own motion or through adoption of a motion by a codefendant, failed to raise joinder under Rule 8(b) before trial, and therefore, he waived the issue. See Fed. R. Crim. P. 12(b)(2) & (f). The district court did not abuse its discretion in conducting the joint trial with the use of two juries or by denying the motion for mistrial. See United States v. Krout, 66 F.3d 1420, 1430 (5th Cir. 1995), cert. denied, 1996 WL 26289 (U.S. Feb. 20, 1996); United States v. Limones, 8 F.3d 1004, 1007 (5th Cir. 1993), cert. denied, 114 S. Ct. 1543 (1994). The district court did not err in finding that Randolph failed to produce prima facie evidence of a nonfrivolous double jeopardy claim. See United States v. Cooper, 949 F.2d 737, 750-51 (5th Cir. 1991), cert. denied, 504 U.S. 975 (1992); United States v. Patterson, 809 F.2d 244, 247-48 (5th Cir. 1987). The ratio used for sentencing cocaine base trafficking offenses does not violate equal protection or due process. See United States v. Watson, 953 F.2d 895, 897 (5th Cir.), cert. denied, 504 U.S. 928 (1992); United States v. Galloway, 951 F.2d 64, 65-66 (5th Cir. 1992).

Randolph's convictions and sentence are AFFIRMED.